2024 IL App (4th) 231198

NO. 4-23-1198

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| ARMINDA C. MINSSEN, | ) | No. 23CF817 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices Lannerd and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Arminda C. Minssen, appeals an order granting the State's petition to detain her before trial pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. For the following reasons, we reverse and remand.

¶ 2                        I. BACKGROUND

¶ 3        On November 1, 2023, the State charged defendant by information with two counts of aggravated assault (720 ILCS 5/12-2(b)(4.1)(i) (West 2022) (miscited in the charging instrument as "720 ILCS 5/12-2(4.1)(i)")), aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2022)), and criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2022)). All charges arose

from events that occurred on October 31, 2023. Specifically, count I alleged defendant committed aggravated assault in that she "knowingly attempted to bite Sgt. John Johnson of the East Moline Police Department, knowing Sgt. Johnson to be a peace officer engaged in the execution of his official duties[,] thereby placing Sgt. Johnson in reasonable apprehension of receiving a battery." Count II alleged defendant committed aggravated assault in that she "knowingly spit at Officer Travis Heuer of the East Moline Police Department, knowing Officer Heuer to be a peace officer engaged in the execution of his official duties[,] thereby placing Officer Heuer in reasonable apprehension of receiving a battery." Count III alleged defendant committed aggravated battery in that she "knowingly made physical contact of an insulting or provoking nature with Sgt. John Johnson of the East Moline Police Department in that she kicked Sgt. Johnson in the chest." Count IV alleged that defendant committed criminal damage to property in that she knowingly damaged the car bumper of Jenesca Fuhrman, causing damage not exceeding $500.

¶ 4        On November 1, 2023, a judge heard testimony and found probable cause. The transcript of that proceeding is not included in the record.

¶ 5        On November 1, 2023, the State petitioned to deny defendant pretrial release pursuant to section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). That statute applies to defendants who are charged either with specified forcible felonies (none of which apply here) or "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). A defendant who comes within the scope of this statute may be detained where "pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). In its petition, the State did not specify which count or counts of the indictment it believed implicated section 110-6.1(a)(1.5).

¶ 6 As the factual basis for detention, the State alleged as follows in its petition. On October 31, 2023, officers with the East Moline Police Department responded to the 2600 block of Archer Drive in East Moline. At that location, those officers met with Lieutenant Adam Moseley of the Rock Island County Sheriff's Department, who was assisting a motorist, Fuhrman. Fuhrman reported that defendant "had approached her vehicle and ripped off her license plate, causing damage to the bumper of her Nissan Sentra." Officers "attempted to detain defendant to investigate the incident," and defendant kicked Sergeant Johnson of the East Moline Police Department "in the chest several times." Defendant "then attempted to bite him several times, but did not succeed." Defendant also spit at Officer Heuer of the East Moline Police Department, "the spit landing on his boot." In the detention petition, the State further alleged that defendant was "currently on pretrial release and despite conditions imposed, continues to violate the law."

¶ 7 The pretrial services report indicated, *inter alia*, that defendant was 38 years old, 5 feet, 1 inch tall, and weighed 100 pounds.

¶ 8 On November 2, 2023, the trial court—a different judge presiding than the one who had made a probable cause finding the day before—held a hearing on the State's detention petition. The prosecutor reiterated the allegations from the detention petition. Defense counsel responded, *inter alia*, that none of the charged offenses were detainable. As is relevant here, with respect to count I, which alleged aggravated assault based on defendant attempting to bite Sergeant Johnson, defense counsel argued that this did not constitute a threat of inflicting great bodily harm, as required by section 110-6.1(a)(1.5) of the Code. According to defense counsel, "it strains credulity to argue that a charge which would be a misdemeanor but for the alleged victim's status, and during which nobody was even harmed, should result in [defendant's] continued detention and that it would be considered a detainable offense."

¶ 9    The trial court ordered defendant's detention. As part of its ruling, the court found that the aggravated assault charge in count I of the information was a detainable offense. The court explained: "Well, I do find that attempting to bite off—an officer is a threat of infliction of great bodily harm. So I do believe it is a detainable offense. I do find by clear and convincing evidence that the proof's evident and presumption great that she committed the offenses."

¶ 10    Defendant filed a timely notice of appeal.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, defendant raises four issues, including that she was not charged with a detainable offense. For the following reasons, we agree with that argument, so we reverse the detention order and remand the cause on that basis.

¶ 13    Section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)) contains 10 subsections specifying which offenses are detainable and under what circumstances. Here, the State charged defendant with four offenses and invoked section 110-6.1(a)(1.5) of the Code as the sole basis for detention. The trial court found that the charge in count I of the information was detainable. The State contends that the court did not abuse its discretion in reaching that conclusion. The State does not argue that the other three counts charged detainable offenses.

¶ 14    Section 110-6.1(a)(1.5) of the Code authorizes a trial court to deny a defendant pretrial release if

> "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and the defendant is charged with a forcible felony, which as used in this Section, means treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal

sexual assault, armed robbery, aggravated robbery, robbery, burglary where there is use of force against another person, residential burglary, home invasion, vehicular invasion, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement[.]" 725 ILCS 5/110-6.1(a)(1.5) West 2022).

Aggravated assault is not listed among the offenses constituting a "forcible felony" in this statute. The parties dispute whether aggravated assault based on attempting to bite a police officer falls within the scope of the statute's residual clause—*i.e.*, whether that offense is "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022).

¶ 15    Defendant argues that the trial court improperly determined count I charged a detainable offense. According to defendant, the State failed to allege sufficient facts for the court to find that the attempted bite here "constituted a threat of harm, let alone great bodily harm." Defendant reasons:

> "For instance, if [defendant] attempted to bite the officer's arm but the officer was wearing a heavy coat, even if [defendant] were successful, the bite likely would not have caused any harm. Without any information regarding the circumstances surrounding [defendant's] attempt to bite an officer, the trial court erred in finding that [defendant] was charged with a detainable offense."

The State responds that "a human bite can be harmful even without disfigurement because a bite carries the danger of physical injury as well as disease or serious illness." The State proposes that

"[d]isease and illness certainly fall under the category of 'great bodily harm.' " The State continues:

> "Furthermore, where a bite might land is not relevant to an evaluation of the threat. Harm or disfigurement can occur to any part of the human body, and it is irrelevant whether it occurs on a hand or a face, the injury is still a bodily harm which must be considered 'great' because it is in the nature of a bite."

¶ 16 Our supreme court has recognized that the legislature recently "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4. The parties have not cited, and we did not find, any case addressing whether aggravated assault based on attempting to bite a police officer is a detainable offense pursuant to section 110-6.1(a)(1.5) of the Code.

¶ 17 On appeal following a detention hearing, we apply the abuse-of-discretion standard of review to the trial court's evaluation of the evidence presented. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. However, "[w]e review issues of statutory construction *de novo*." *People v. Jones*, 2023 IL App (4th) 230837, ¶ 13. Our objective when interpreting a statute is to ascertain and effectuate the legislature's intent. *Jones*, 2023 IL App (4th) 230837, ¶ 13. In construing a statute, "we 'may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims.' " *Jones*, 2023 IL App (4th) 230837, ¶ 13 (quoting *People v. Taylor*, 2023 IL 128316, ¶ 45). Although the most reliable indication of legislative intent is the plain and ordinary meaning of the statute's language, we view the statute in its entirety. *Jones*, 2023 IL App (4th) 230837, ¶ 13.

¶ 18 Defendant's aggravated assault charge in count I of the information was "aggravated" based on the status of the victim, a police officer. Specifically, the State alleged that

defendant committed aggravated assault by attempting to bite Sergeant Johnson. In its detention petition, the State indicated defendant attempted to do that "several times" while police officers tried to detain her. However, the record contains no further information about the circumstances of the attempted bite. For example, the record does not show where on Sergeant Johnson's body defendant attempted to bite him, how close she was to him when she did so, whether she attempted to bite his bare skin, or how forcefully she attempted to bite him. The record also does not reveal whether there was a realistic threat that defendant—who was 5 feet, 1 inch, and 100 pounds— could inflict great bodily harm on, permanently disable, or disfigure Sergeant Johnson while at least one other male police officer was assisting him and another officer was at the scene.

¶ 19    The State essentially argues that the circumstances surrounding the attempted bite do not matter. The State seems to argue that attempting to bite someone *inherently* poses a threat of great bodily harm, permanent disability, or disfigurement, regardless of the specific circumstances. For the following reasons, we reject the State's argument.

¶ 20    Section 110-2(a) of the Code (725 ILCS 5/110-2(a) (West 2022)) says that "[i]t is presumed that a defendant is entitled to release on personal recognizance," subject to certain universal conditions. Section 110-6.1(e)(1) of the Code (725 ILCS 5/110-6.1(e)(1) (West 2022)) provides that the State must prove by clear and convincing evidence that "the proof is evident or the presumption great that the defendant has committed" a detainable offense. Furthermore, section 110-6.1(f)(7) of the Code (725 ILCS 5/110-6.1(f)(7) (West 2022)) provides that "[d]ecisions regarding release, conditions of release, and detention prior to trial must be individualized." In other words, defendant presumptively was entitled to be released before trial, the State had the burden to prove otherwise, and the trial court had to adopt an individualized approach when adjudicating the State's request for detention. These principles embodied in the

Code are in tension with the State's suggestion that the specific circumstances of defendant's attempt to bite Sergeant Johnson are irrelevant to determining whether her conduct fell within the residual clause of the definition of "forcible felony" in section 110-6.1(a)(1.5) of the Code.

¶ 21    We discern an additional indication that the legislature did not intend for the residual clause to operate as broadly as the State proposes. The definition of "forcible felony" in section 110-6.1(a)(1.5) of the Code differs from the definition of that same term in section 2-8 of the Criminal Code of 2012 (720 ILCS 5/2-8 (West 2022)). Aggravated assault is not a specifically delineated offense under either statute. The residual clause in section 2-8 of the Criminal Code of 2012 says that a forcible felony includes "any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2022). However, the residual clause in section 110-6.1(a)(1.5) of the Code provides that a forcible felony includes "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). It is apparent the legislature intended for the residual clause in section 110-6.1(a)(1.5) of the Code to encompass fewer offenses than the residual clause in section 2-8 of the Criminal Code of 2012. Specifically, for purposes of pretrial detention, there is a heightened standard for an offense to fall within the residual clause of the definition of "forcible felony." See *People v. Ligon*, 2016 IL 118023, ¶ 26 (noting that the legislature may define the same phrase differently in distinct statutes); *People v. Williams*, 335 Ill. App. 3d 596, 599-600 (2002) ("Where the legislature uses certain words in one instance and different words in another, different results were intended.").

¶ 22    Certainly, not all bites result in great bodily harm, permanent disability, or disfigurement. See *People v. Grandberry*, 2024 IL App (3d) 230546, ¶¶ 3, 11-12 (holding that where the defendant was charged with aggravated battery for biting a nurse's finger without

causing great bodily harm, permanent disability, or disfigurement, the offense was not detainable under the residual clause of section 110-6.1(a)(1.5) of the Code). The State's reasoning seems to be that because it is *possible* to cause great bodily harm, permanent disability, or disfigurement by biting someone, an attempt to bite someone *necessarily threatens* such grievous injury, making it unnecessary for the State to apprise the trial court at the detention hearing of the full circumstances surrounding the defendant's conduct. Again, the State's position is inconsistent with (1) the legislature placing the burden on the State to prove by clear and convincing evidence that each case involves a detainable offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), (2) the directive to make detention decisions on an individualized basis (725 ILCS 5/110-6.1(f)(7) (West 2022)), and (3) the heightened standard for constituting a "forcible felony" in the residual clause of section 110-6.1(a)(1.5). The State did not inform the court whether defendant nearly placed her teeth against Sergeant Johnson's neck or whether she merely gnashed her teeth at him generally from three feet away. We think that context matters.

¶ 23        *People v. Rodriguez*, 2023 IL App (3d) 230450, supports our conclusion that the specific facts and details of the charged offense matter when determining whether a defendant's conduct implicates the residual clause of section 110-6.1(a)(1.5) of the Code. In that case, the State charged the defendant with felony resisting or obstructing a peace officer (720 ILCS 5/31-1(a-7) (West 2022)). *Rodriguez*, 2023 IL App (3d) 230450, ¶ 3. At the detention hearing, the prosecutor explained exactly how the defendant's conduct involved a threat of great bodily harm, permanent disability, or disfigurement (the defendant attempted to drive away from a traffic stop while the officer's arm was pinned in the car door). *Rodriguez*, 2023 IL App (3d) 230450, ¶ 4. With that factual record established, the appellate court concluded that the defendant's conduct amounted to

a forcible felony within the meaning of the residual clause of section 110-6.1(a)(1.5) of the Code. *Rodriguez*, 2023 IL App (3d) 230450, ¶ 10.

¶ 24 Here, unlike in *Rodriguez*, the State did not present the trial court with the basic information that would be needed to determine whether defendant's conduct giving rise to the charge in count I of the information involved "the threat of or infliction of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Accordingly, the court abused its discretion by finding the State proved by clear and convincing evidence that the proof was evident or the presumption great that defendant committed a detainable offense.

¶ 25                            III. CONCLUSION

¶ 26 For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

¶ 27 Reversed and remanded.

*People v. Minssen*, 2024 IL App (4th) 231198

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Rock Island County, No. 23-CF-817; the Hon. Frank R. Fuhr, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Cristina Law Merriman, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |