NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240259-U

NO. 4-24-0259

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 29, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ISAAC FRANK TOOKS, | ) | No. 24CF107 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Lannerd and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court committed no error in finding defendant committed a detainable offense and did not abuse its discretion by granting the State's petition to deny defendant pretrial release.

¶ 2    Defendant, Isaac Frank Tooks, appeals the trial court's order denying him pretrial release. He contends his charged offenses were not detainable offenses and the State otherwise failed to prove by clear and convincing evidence that his detention was warranted. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    On January 26, 2024, the State charged defendant with harassment by telephone (720 ILCS 5/26.5-2(a)(2) (West 2022)) and harassment through electronic communications (*id.* § 26.5-3(a)(5)). The charges were based on allegations that defendant threatened to kill his wife, Tanella Tooks, using both methods of communication.

¶ 5 The same day, the State filed a petition to deny defendant pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. It alleged defendant was eligible for pretrial detention and his release posed "a real and present threat to the safety of any person or persons or the community." The State's eligibility claim was based on the assertion that both charged offenses qualified as detainable offenses under section 110-6.1(a)(1.5) of the Code (*id.* § 110-6.1(a)(1.5)), which applies to defendants charged with forcible felony offenses that are explicitly listed in that section "or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement."

¶ 6 Also on January 26, 2024, the trial court conducted a hearing on the State's petition. The State presented evidence by way of proffer that on January 25, 2024, Tanella reported to the police that defendant believed she was cheating on him, and he began making calls and sending messages threatening to kill her. The police officers observed text messages that stated, "I'm gonna kill you" and "b***, come outside." They also heard a video chat, during which defendant stated that even if Tanella got an order of protection, he would kill her and would do it in front of her children. The State asserted that defendant made the following statements:

> "[Y]our life is over, your life is over. I swear on my daughter, your life is over. I'm gonna kill you. You can call, get an OP, everything you want, you can do. I am going to kill you and that's on my life. I'm not playing. I'm gonna kill you in the worst way."

The State represented that Tanella answered a series of domestic violence questions, reporting that she believed defendant was capable of killing her, defendant had tried to choke her, and defendant was violently and constantly jealous of her.

¶ 7        The State's evidence further showed that defendant's criminal history included a 2010 conviction for resisting a peace officer, a 2010 conviction for domestic battery, a 2013 conviction for criminal damage to property, and a 2014 conviction for driving under the influence (DUI). At the time of the underlying offenses, defendant was free on bond in Grundy County case No. 22-DT-276001, in which he was charged with DUI. Also, defendant had been the respondent in an order of protection case in which Tanella was the protected party. The State represented that the order of protection had been served on defendant on October 26, 2023, and that it expired on December 19, 2023, a little more than one month before the underlying offenses. Finally, at the State's request, the trial court took judicial notice of defendant's McLean County public safety assessment report, which showed defendant scored a 6 out of 6 on both the new criminal activity scale and the failure to appear scale. The report stated maximum conditions were recommended if defendant was to be released.

¶ 8        On his own behalf, defendant proffered that he was 32 years old, had been a McLean County resident for 15 years, worked full-time for the same employer for the last three years, and had 10 children. He asserted that he provided financial support for his children and that he had regular visitation with three of them. Defendant also stated that he suffered from bipolar disorder and schizophrenia. He saw a doctor for those conditions and was on medication. Defendant proffered that he had successfully completed conditional discharge in connection with two of his prior convictions. Additionally, he pointed out that most of his prior criminal history

- 3 -

was over 10 years old and that there was no active order of protection against him at the time of the alleged offenses.

¶ 9        In presenting argument to the trial court, the parties initially disputed whether defendant had been charged with detention eligible offenses under section 110-6.1(a)(1.5) of the Code. The State argued the charged offenses fell within the residual clause of section 110-6.1(a)(1.5), in that they involved the threat of great bodily harm or permanent disability or disfigurement. It relied on facts showing defendant communicated multiple threats that he would kill Tanella through both text messages and a video chat. Conversely, defendant argued the requirements of section 110-6.1(a)(1.5) were not met because his threats to Tanella were not made "in person."

¶ 10       Ultimately, the trial court granted the State's petition to deny defendant pretrial release on the ground that defendant posed a danger to Tanella. Regarding whether the charged offenses were detainable, the court acknowledged that neither of the charged harassment offenses was explicitly listed in section 110-6.1(a)(1.5) as a forcible felony offense. Nevertheless, it agreed with the State that both fell within the "catch-all provision" of section 110-6.1(a)(1.5). The court noted defendant's charged conduct involved threats to kill Tanella, which it found "certainly would be a threat of great bodily harm."

¶ 11       This appeal, pursuant to Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) followed.

¶ 12                          II. ANALYSIS

¶ 13       On appeal, defendant challenges the trial court's detention order, arguing that neither of his harassment charges were detainable offenses. He also argues the State failed to prove

either that he posed a danger to Tanella or that no set of conditions could mitigate the safety threat he allegedly posed.

¶ 14       Under the Code, all defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). However, the trial court may deny release where the State files a verified petition for denial and, relevant to the circumstances of this appeal, proves by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to the safety of any person based on the specific articulable facts of the case, and (3) no condition or combination of conditions can mitigate the real and present safety threat that the defendant poses. *Id.* §§ 110-6.1(a), (e).

¶ 15       As noted, the State relied on section 110-6.1(a)(1.5) of the Code when asking the trial court to deny defendant's pretrial release. That section provides for the denial of pretrial release when:

> "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and the defendant is charged with a forcible felony, which as used in this Section, means treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, armed robbery, aggravated robbery, robbery, burglary where there is use of force against another person, residential burglary, home invasion, vehicular invasion, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement *or any other felony which involves the threat of or infliction of great*

*bodily harm or permanent disability or disfigurement*." (Emphasis added.) *Id.* § 110-6.1(a)(1.5).

¶ 16    "On appeal following a detention hearing, we apply the abuse-of-discretion standard of review to the trial court's evaluation of the evidence presented." *People v. Minssen*, 2024 IL App (4th) 231198, ¶ 17. A court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable or when no reasonable person would agree with the position it has adopted. *People v. Inman*, 2023 IL App (4th) 230864 ¶ 10. Additionally, to the extent defendant's appeal raises an issue of statutory construction, our review is *de novo*. *Minssen*, 2024 IL App (4th) 231198, ¶ 17. The primary goal when construing a statute "is to ascertain and give effect to the legislative intent as evidenced by the plain and ordinary meaning of the statutory language." *People v. Washington*, 2023 IL 127952, ¶ 27. Further, "[i]n construing a statute, we may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims." (Internal quotation marks omitted.) *Minssen*, 2024 IL App (4th) 231198, ¶ 17.

¶ 17    Here, defendant challenges the trial court's finding that his charged offenses— harassment by telephone and harassment through electronic communications—fall within the residual clause of section 110-6.1(a)(1.5) of the Code. Defendant suggests that for the residual clause to apply, a statute defining the charged offenses must "involve a threat *** of severe or great bodily harm" as an element of the offense "regardless of the State's factual allegations." He contends that because neither of the defining statutes in this instance contain such a requirement, the residual clause of section 110-6.1(a)(1.5) is inapplicable. We disagree.

¶ 18    In *Minssen*, 2024 IL App (4th) 231198, ¶ 3, the defendant was charged with several offenses, including aggravated assault based on allegations that she knowingly attempted to bite a police officer. The parties disputed whether that offense fell within section 110-6.1(a)(1.5)'s

residual clause. *Id.* ¶¶ 14-15. On review, this court rejected an argument by the State that attempting to bite someone inherently posed a threat of great bodily harm such that the circumstances surrounding the attempted bite did not matter. *Id.* ¶¶ 19-20. We stated the State's position that the specific circumstances of the defendant's conduct were irrelevant to determining whether the residual clause applied was "in tension" with principles embodied in the Code, including that the State had to prove the defendant committed a detainable offense by clear and convincing evidence and that decisions regarding detention had to be individualized. *Id.* ¶ 20 (citing 725 ILCS 5/110-6.1(e)(1), (f)(7) (West 2022)). We concluded "that the specific facts and details of the charged offense matter when determining whether a defendant's conduct implicates the residual clause of section 110-6.1(a)(1.5) of the Code." *Id.* ¶ 23; see *People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 10 (relying on the facts of the case to show that the charged felony offense involved the threat of great bodily harm for purposes of section 110-6.1(a)(1.5)).

¶ 19　　　　In this case, although neither defining statute for the charged felony offenses explicitly required the "threat of *** great bodily harm or permanent disability or disfigurement" (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), it was the facts and details of defendant's particular case and the charges against him that were relevant to determining whether the residual clause of section 110-6.1(a)(1.5) applied. Both the charging instrument and the State's evidence at the detention hearing showed defendant made multiple threats to kill Tanella through both text messages and a video chat heard by the police. We find no error in the trial court's determination that a threat to kill someone is the equivalent of a threat of great bodily harm to that person.

¶ 20　　　　Defendant also argues that his charged conduct did "not rise to the high level of a true threat of great bodily harm," asserting the alleged offenses did not involve any "in-person communication" and that there was no evidence he "took a substantial step in furtherance of a

harmful act." Again, we disagree. Evidence showed defendant communicated the seriousness of his threats by repeatedly stating he intended to kill Tanella or that her life was over, telling Tanella that he was "not playing" and suggesting that he would not be stopped even if Tanella obtained an order of protection against him. Evidence also indicated a history of domestic violence between defendant and Tanella, with her reporting to the police that she believed defendant was capable of killing her, defendant had choked her in the past, and defendant was violently and constantly jealous of her. Based on such evidence, the trial court determined defendant's threats were serious and credible. We find no abuse of discretion with respect to those determinations.

¶ 21    Finally, contrary to defendant's assertions on appeal, we also find the evidence presented at the detention hearing was more than sufficient to support the trial court's findings that (1) defendant posed a threat to Tanella's physical safety and (2) no condition or combination of conditions could mitigate that threat. Again, defendant made multiple threats to kill Tanella. He represented that his threats were serious, and Tanella could not be protected even by obtaining an order of protection against him. Defendant had a prior conviction for domestic battery, he had recently been the respondent in an order of protection in which Tanella was the protected party, and Tanella indicated there was a history of domestic violence between them. Further, at the time of the alleged offenses, defendant was out on bond in a pending DUI case, which the court noted would have included an order that he not commit any new offenses. The court indicated that under the circumstances presented, it lacked confidence defendant would comply with any conditions it could impose. The court's determinations were not arbitrary, fanciful, or unreasonable.

¶ 22    We find the trial court committed no error in finding defendant committed a detainable offense under the Code and that it did not abuse its discretion by denying defendant pretrial release.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's order.

Affirmed.