2023 IL App (3d) 230450

Opinion filed December 14, 2023
_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0450 Circuit No. 23-CF-2055 |
| | ) | |
| CARLOS IGNACIO RODRIGUEZ, | ) ) | Honorable Michael W. Reidy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Justice Albrecht concurred in the judgment and opinion.
Justice Brennan specially concurred, with opinion.
_____

**OPINION**

¶ 1    Defendant, Carlos Ignacio Rodriguez, appeals the order of the Du Page County circuit court granting the State's petition to detain, arguing (1) he was not charged with a forcible felony, and (2) the State failed to prove that he posed a threat if released with conditions. We affirm.

¶ 2                                I. BACKGROUND

¶ 3    On September 20, 2023, defendant was charged by felony complaint with, *inter alia*, resisting or obstructing a peace officer causing injury (720 ILCS 5/31-1(a-7) (West 2022)). The State filed a verified petition to deny pretrial release alleging defendant (1) was charged with a

forcible felony and his release posed a real and present threat to the safety of any person, persons, or the community (725 ILCS 5/110-6.l(a)(l.5) (West 2022)), and (2) had a high likelihood of willful flight to avoid prosecution. Defendant had a criminal history of domestic violence in 2021 (with no disposition) and possession of a stolen firearm in 2020. The pretrial risk assessment report noted that defendant had two or more warrants issued for failure to appear in the past two years, and it assessed his risk as moderate.

¶ 4        A hearing was held on September 23, 2023. The State presented by proffer that on September 16, 2023, an officer with the West Chicago Police Department initiated a traffic stop after observing a vehicle make several lane violations. The officer ran the license plates of the vehicle and learned that the registration was suspended. He made contact with the driver and sole occupant of the vehicle, defendant. Defendant attempted to exit his vehicle, but the officer ordered him to stay in the vehicle. The officer ran defendant's information and saw that he had outstanding warrants. At this point, the officer asked defendant to exit his vehicle approximately 20 times, but defendant refused. The officer was able to unlock the door. While the officer's arm was still inside the door, defendant put the car into drive and "took off."

> "[W]hile [the officer] was—still had part of his body inside the moving vehicle, the door slammed closed on his arm pinning him to the car as it was moving causing scrapes and bruising and abrasions to [the officer's] arm. *** [E]ventually [the officer] was able to disengage himself from the vehicle at which time he observed the defendant's vehicle extinguish its lights as he continued to flee the scene and continued to travel at a high rate of speed in a residential area, making quick turns without using his signal."

2

¶ 5        The State argued that defendant's conduct posed a threat of great bodily harm, stating "the officer was lucky to get out of that situation without permanent disfigurement." The State further stated that defendant was a flight risk as he fled during a traffic stop and had outstanding warrants for failure to appear. Defense counsel argued that the officer put himself in harm's way and suffered only minimal injury. Counsel asked for "non-detainment or GPS [global positioning system]."

¶ 6        The court stated that it considered all the evidence and arguments, as well as the factors, and noted that there was a presumption of pretrial release. The court found the proof was evident that defendant had committed the offense, and the offense was one that involved the threat or infliction of great bodily harm or permanent disability or disfigurement. The court went through the factors for willful flight, noting defendant was employed, lived in Illinois, and was going to be a father. However, the court noted that this was not an "isolated incident[ ]." It stated that defendant had multiple outstanding warrants for failure to appear. It thus found there was a high likelihood of flight to avoid prosecution. The court further found that defendant posed a real and present threat to the community and there were no conditions to mitigate this threat or risk of flight.[1]

---

[1]We note that the trial court's written order required in section 110-6.1(h)(1) did not check the box specifically finding clear and convincing evidence "that defendant has a high likelihood of willful flight to avoid prosecution." 725 ILCS 5/110-6.1(h)(1) (2022). Nor is the Report of Proceedings a model of clarity as to whether this finding was made, though the court did discuss the issue and observed that "there was an intentional conduct on his part to evade prosecution." To the extent both parties agree the trial court found defendant to be a willful flight risk by clear and convincing evidence, we accept this for purposes of our analysis.

II. ANALYSIS

¶ 8          On appeal, defendant contends that the court abused its discretion in granting the State's

petition to detain. Specifically, defendant argues (1) resisting or obstructing a peace officer was

not a forcible felony, and (2) the State failed to prove that no conditions could mitigate any threat

defendant posed. We consider *de novo* the interpretation of a statute (*People v. Jones*, 2023 IL

127810, ¶ 22), but questions concerning whether the circuit court properly considered the statutory

factors in determining the conditions for release are reviewed for an abuse of discretion (*People v.

Inman*, 2023 IL App (4th) 230864, ¶ 10). The Court's factual findings will be confirmed unless

against the manifest weight of the evidence.

¶ 9          For pretrial release to be denied, the State has the burden of proving by clear and

convincing evidence (1) the proof is evident or presumption great that defendant committed a

detainable offense, (2) defendant poses a real and present threat to any person, persons, or the

community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. 725

ILCS 5/110-6.1(e) (West 2022). Defendant first disputes that he was charged with a detainable

offense. The State proceeded under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of

1963 (Code), which provides that pretrial release may be denied if defendant poses a real and

present threat and is charged with a forcible felony. *Id.* § 110-6.1(a)(1.5).

> "[A] forcible felony, which as used in this Section, means treason, first degree
>
> murder, second degree murder, predatory criminal sexual assault of a child,
>
> aggravated criminal sexual assault, criminal sexual assault, armed robbery,
>
> aggravated robbery, robbery, burglary where there is use of force against another
>
> person, residential burglary, home invasion, vehicular invasion, aggravated arson,
>
> arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily

4

harm or permanent disability or disfigurement or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.*

¶ 10 While resisting or obstructing a peace officer is not listed in the statute, the statute does include, "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.* Here, defendant was charged with a felony. Defendant drove away during a traffic stop while the officer's body was partially inside the vehicle. The facts of the case show that it involved the threat of great bodily harm, and defendant contemplated the use of the force and was willing to use it. See *People v. McGhee*, 2020 IL App (3d) 180349, ¶ 62. Therefore, the State satisfied it's burden of proof by clear and convincing evidence that defendant was charged with a detainable offense, which also acted as the predicate for the finding that he was a flight risk. See 725 ILCS 5/110-6.1(a)(8)(A) (West 2022).

¶ 11 Section 110-5 of the Code includes a nonexhaustive list of factors the court can consider "[i]n determining which conditions of pretrial release, if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5. We will not substitute our judgment for that of the circuit court regarding the weight of the factors or the evidence. *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15. An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful, unreasonable, or no reasonable person would agree with the decision. *Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11.

¶ 12 Here, the evidence showed that defendant had multiple outstanding warrants for failing to appear in court. He also fled the scene. We cannot say that the court abused its discretion in finding that there were no conditions that would ensure defendant's appearance in court. While defense

5

counsel sought GPS monitoring, this would not have secured defendant's appearance. We note that defendant's arguments on appeal relate solely to his lack of dangerousness. However, the statute states the court can determine whether there are any conditions to ensure defendant's appearance *or* the safety of others. The finding that there were no conditions to ensure his appearance negates the necessity to find that there were no conditions that would ensure the safety of others.

¶ 13                                                   III. CONCLUSION

¶ 14            The judgment of the circuit court of Du Page County is affirmed.

¶ 15            Affirmed.

¶ 16            Justice Brennan, specially concurring:

¶ 17            I specially concur to elaborate on why I believe the trial court's factual findings here are subject to manifest weight of the evidence review. Illinois courts disagree about what standards of review govern our review of pretrial release decisions under section 110 of the Code of Criminal Procedure of 1963 (Code) 725 ILCS 5/110 (West 2022), which was recently amended by P.A. 101-652 § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity Today Act (Act). Thus far, cases from the Fifth and Second Districts have held that the trial court's determination that the State has proved by "clear and convincing evidence" certain prerequisites for pretrial detention is to be reviewed according to the manifest weight of the evidence. See 725 ILCS 5/110-6.1(e)(1), (2), and (3) (West 2022); see *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10; *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; see also *People v. Herrera*, 2023 IL App (1st) 231801B, ¶ 23 (identifying, through its citation to *People v. Gibbs*, 2023 IL App (5th) 230700-U, the factual findings subject to manifest weight review in *Trottier* and *Vingara* as the "three pre-requisites"). Cases from the Fifth and Second Districts have further

held that the ultimate decision regarding detention, continued detention, or the imposition of conditions of release are subject to abuse of discretion review. *People v. Long*, 2023 IL App (5th) 230881, ¶ 16 (continued detention); *Vingara*, 2023 IL App (5th) 230698, ¶ 10; *Trottier*, 2023 IL App (2d) 230317, ¶ 13. In contrast, cases from the First and Fourth Districts have disagreed with this hybrid approach, subjecting all aspects of the bond hearings under the Act to abuse of discretion review. See *People v. Whitmore*, 2023 IL App (1st) 231807B, ¶¶ 18-19; *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. We have determined here that the newly enacted prerequisites to detention, set forth in section 110-6.1(e) (725 ILCS 5/110-6.1(e) (West 2022)), require evidentiary findings that we review using the manifest weight of the evidence standard.

¶ 18    The Act abolishes traditional monetary bail in favor of pretrial release with conditions of release where appropriate. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). A defendant's pretrial release may be denied now only for specified qualifying offenses. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). Upon filing a verified petition requesting denial of pretrial release, the State, with few exceptions not applicable here, has the burden to prove by clear and convincing evidence three prerequisites to detention: (1) that the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)); (2) that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)); (3) and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)). If the trial court determines that the

7

defendant should be denied pretrial release, the court is required to make a written finding summarizing the reasons for denying pretrial release. 725 ILCS 5/110-6.1(h) (West 2022).

¶ 19     Simply put, the factual determinations that necessarily underly a trial court's findings that the section 110-6-1(e) detention prerequisites have been proven by clear and convincing evidence are the type of findings traditionally subject to manifest weight of the evidence review. See, *e.g.*, *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (applying a similar standard of review for the requirement of clear and convincing evidence by the State in termination-of-parental-rights proceeding). A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006). While a smattering of pre-Amendment decisions have reviewed bail determinations for an abuse of discretion, it must be recognized that none of these cases involved the statutorily mandated factual findings now required by the Act. See *People v. Simmons*, 2019 IL App (1st) 191252, ¶ 9 (noting a paucity of decisions discussing the proper standard of review for 604(c) bail determinations, but detailing several that at least indirectly review bail or bond rulings for an abuse of discretion). Detention for qualifying offenses now requires the State to prove, by clear and convincing evidence, each of the prerequisites to detention set forth in section 110-6.1(e). This statutory scheme is inconsistent with the abuse of discretion standard, which is considered the most deferential standard of review available aside from no review at all. *People v. Coleman*, 183 Ill. 2d 366, 387 (1998). These evidentiary findings should instead be reviewed under the manifest weight of the evidence standard.

¶ 20     While the trial court's section 110-6.1(e) findings are reviewed under the manifest weight of the evidence standard, it remains the case that the ultimate judgment of a trial court denying pretrial release or granting same with conditions is subject to abuse of discretion review. *Trottier*,

2023 IL App (2d) 230317, ¶ 13. This is consistent with section 110-6.1(f)(7), which provides that, once the prerequisites have been met, "[d]ecisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." 735 ILCS 5/110-6.1(f)(7) (West 2020). These judgment calls are left to the sound discretion of the trial court with no single factor or standard controlling, and thus are properly reviewed for an abuse of discretion. An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Schlott*, 2015 IL App (3d) 130725, ¶ 24.