2024 IL App (1st) 232473-U

FIRST DISTRICT,
FIRST DIVISION
March 18, 2024

No. 1-23-2473B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 23 CR 1125501 |
| | ) | |
| NAJAE SMITH, | ) | Honorable |
| | ) | Michele Pitman, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held:* The trial court did not abuse its discretion in denying pretrial release where its finding that less restrictive conditions would not avert the threat to public safety posed by the defendant and would not mitigate her willful flight was not against the manifest weight of the evidence.

¶ 2     Defendant Najae Smith appeals from the trial court's order denying her pretrial release under the legislation commonly referred to as the Safety, Accountability, Fairness and Equity Today (SAFE-T) Act or the Pretrial Fairness Act (Act) (see Pub. Act 101-652 (eff. Jan. 1,

2023)), which amended the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/100-1 *et seq.* (West 2022)). For the reasons that follow, we affirm.

¶ 3                                     BACKGROUND

¶ 4        Defendant was arrested on September 25, 2023, and charged with two counts of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2022)) stemming from incidents at a liquor store in Glenwood on September 23, 2023, and a liquor store in Markham on September 25, 2023. At the time of defendant's arrest, she was on probation for two convictions for aggravated fleeing and eluding, stemming from incidents on August 6, 2021. She was also on pretrial release for two other charges of aggravated fleeing and eluding stemming from incidents on March 10, 2023 and March 16, 2023.

¶ 5        The State filed a petition for pretrial detention, and a hearing was held on September 27, 2023 before Judge Jerome Barrido, at which the State proffered the following evidence. On September 23, 2023, defendant entered Emporium Liquors in Glenwood, took a bottle of tequila from the shelf, and exited the store. When the victim ran after her, she pointed a firearm at the victim and said, "I'm not fucking playing." The defendant then left the scene in a car. Based on video surveillance, police determined the car was registered in defendant's name, and the victim identified defendant in a photo lineup.

¶ 6        On September 25, 2023, defendant entered M and H Liquors in Markham, took a bottle of alcohol, and exited without paying. When the victim attempted to recover the bottle, defendant pointed a firearm at the victim. A third individual who was making a delivery to the store helped the victim detain the defendant and remove the firearm from her possession. 911 was called and police arrived on the scene and placed defendant in custody.

¶ 7        The State also presented evidence as to defendant's prior incidents of aggravated fleeing and eluding, which they argued were "indicative of willful flight." On August 6, 2021, officers in Dolton responded to a call of armed individuals and saw defendant with a firearm in the back of her waistband entering a parked car. When they approached and asked defendant to step out of the car, she drove away at a high rate of speed. The officers recorded her license plate and terminated pursuit for safety reasons. Later that day, officers in Markham observed defendant's car in their jurisdiction. They attempted to initiate a traffic stop, whereupon defendant "fled disobeying seven stop signs and speeding 21 miles over the posted speed limit." Defendant "ma[d]e good her escape" and was placed into custody the following day. She pled guilty to two counts of aggravated fleeing and eluding and was placed on probation.

¶ 8        On March 10, 2023, defendant was pulled over for suspended registration. The officer informed her that she would be placed in custody "for having no insurance" and directed her to step out of the vehicle. Defendant "took off from the scene" and "traveled 50 miles in a 20-mile-per-hour zone, disobeyed traffic stops and made good her escape."

¶ 9        On March 16, 2023, officers in Chicago Heights received an alert that a wanted vehicle was in their jurisdiction. They found defendant in the vehicle, which was stationary at a stop sign, and pulled up in front of and behind her. Defendant drove onto the grass to evade the officers' vehicles and "disobeyed multiple stop signs" to make good her escape. She was arrested later that day at an address she was known to frequent.

¶ 10        The trial court denied pretrial release, finding that the State had shown by clear and convincing evidence that the proof was evident or presumption great that defendant committed armed robbery with a firearm, and she posed a real and present threat to the safety of any person or persons or the community because her "continuing criminal behavior *** has escalated, [ ] is

violent, [and] is dangerous." Further, the court found that no less restrictive conditions could mitigate the threat she posed to public safety or her willful flight because "she has consistently demonstrated *** her blatant disregard for police directions [and] authority."

¶ 11    On December 15, 2023, defendant appeared before Judge Michele Pitman on all her cases, and her counsel requested a detention review. Counsel argued that defendant should be released on electronic monitoring (EM) because she had never been on EM before, she "indicates that *** she would comply with electronic monitoring," and she would use the opportunity to care for her grandmother. Following arguments by counsel, the court denied pretrial release, finding that defendant's continued detention was necessary "to reasonably ensure the appearance of the defendant as required *** [and] the safety of any other person."

¶ 12                                    ANALYSIS

¶ 13    Defendant argues that the State failed to prove by clear and convincing evidence that releasing her on electronic monitoring would not mitigate the safety risk posed by her release or prevent her willful flight.

¶ 14    Under the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2023). As relevant to this appeal, the State bears the burden of proving by clear and convincing evidence that "no condition or combination of conditions" could mitigate "the real and present threat to the safety of any person or persons or the community *** [or] the defendant's willful flight." 725 ILCS 5/110-6.1(e) (2023). If a defendant is detained, at each subsequent pretrial hearing, "the judge must find that the continued detention is necessary to avoid a real and present threat to the safety of any person or persons of the community based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (2023). We review the trial

court's pretrial release determination for an abuse of discretion, which occurs only when the court's judgment is fanciful, arbitrary, or unreasonable, or when no reasonable person would agree with the court's position (see *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11; *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9), and we defer to the trial court's factual findings unless they are against the manifest weight of the evidence (*People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 12).

¶ 15     We find no abuse of discretion in the court's decision to deny pretrial release. The State's evidence, which was not contested by defendant, reflected that she was involved in four high-speed car chases from police, two of them occurring while she was on probation for the first two. At the September 27 hearing, the trial court reasonably found that no condition of release could mitigate the real and present threat caused by defendant or her willful flight because, in the four cases of aggravated fleeing and eluding, she "has consistently demonstrated *** her blatant disregard for police directions [and] authority" in a manner that "endanger[s] the safety of citizens."

¶ 16     This case is analogous to *Rodriguez*, 2023 IL App (3d) 230450, ¶ 12, where we affirmed the denial of pretrial release to a defendant who fled the scene and had multiple outstanding warrants for failing to appear in court. We observed that "[w]hile defense counsel sought GPS monitoring, this would not have secured defendant's appearance." *Id.*

¶ 17     Defendant's reliance on *People v. Stock*, 2023 IL App (1st) 231753, is misplaced because, in that case, the State's factual proffer "did nothing to establish that no combination of conditions could mitigate the threat." *Id.* ¶ 19. Moreover, the *Stock* defendant "has no other criminal history beyond the instant case and the record before us demonstrates that defendant has otherwise been an upstanding and law-abiding member of the community." *Id.* Here, by contrast,

the evidence regarding defendant's four prior offenses of aggravated fleeing and eluding amply supported the trial court's finding that less restrictive conditions would not preclude defendant's willful flight or avoid the threat to the safety of the community.

¶ 18                                 CONCLUSION

¶ 19        For the foregoing reasons, we affirm the judgment of the trial court.

¶ 20        Affirmed.