NOTICE
Decision filed 05/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240231

NO. 5-24-0231

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 24-CF-111 |
| | ) | |
| MATTHEW DELANEY, | ) | Honorable |
| | ) | Emily J. Nielsen, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court, with opinion.
Justices Barberis and Boie concurred in the judgment and opinion.

**OPINION**

¶ 1    The People of the State of Illinois appeal the trial court's order granting defendant, Matthew Delaney, pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). The State argues the trial court applied the incorrect definition for a forcible felony under section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). For the following reasons, we reverse the trial court's order and remand for a new hearing on the State's verified petition to deny pretrial release.

1

I. BACKGROUND

¶ 3    On January 17, 2024, defendant was charged, by information, with unlawful possession of a stolen motor vehicle, a Class 2 felony, in violation of section 4-103(a)(1) of the Illinois Vehicle Code (625 ILCS 5/4-103(a)(1) (West 2022)) and aggravated fleeing or attempting to elude a peace officer, a Class 4 felony, in violation of section 11-204.1(a)(1) of the Vehicle Code (*id.* § 11-204.1(a)(1)). On the same day, the State filed a verified petition to deny defendant pretrial release under section 110-6.1(a)(8) of the Code (725 ILCS 5/110-6.1(a)(8) (West 2022)), alleging defendant had a high likelihood of willful flight to avoid prosecution and was charged with a felony offense other than a Class 4 offense.

¶ 4    On January 31, 2024, the State filed an amended verified petition to deny defendant pretrial release. The petition requested detention (1) under section 110-6.1(a)(8), alleging defendant had a high likelihood of willful flight to avoid prosecution and was charged with any felony described in section 110-6.1(a)(1) through (a)(5) (*id.* § 110-6.1(a)(1)-(5)), and (2) under section 110-6.1(a)(1.5) (*id.* § 110-6.1(a)(1.5)), alleging defendant was charged with aggravated fleeing, a forcible felony as defined in the statute, and that his pretrial release posed a real and present threat to any person or the community. The petition further asserted the factual basis that defendant was in a vehicle that was reported stolen and fled when the Madison County Sheriff's Department attempted to apprehend him. Defendant's speed was 87 miles per hour in a 55 mile-per-hour zone. Defendant was on parole for home invasion, aggravated battery with a firearm, and burglaries.

¶ 5    At the pretrial detention hearing held on January 31, 2024, the State contended— *inter alia*—that aggravated fleeing, as charged, was a detainable offense under section 110-6.1(a)(1.5) of the Code (*id.* § 110-6.1(a)(1.5)). It reasoned that, under section 2-8 of the Criminal Code of 2012 (720 ILCS 5/2-8 (West 2022)), the definition of a forcible felony included "any other

felony which involves the use or threat of physical force or violence against an individual"; however, the Act expanded the definition of a forcible felony for the purposes of section 110-6.1(a)(1.5) to include "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." According to the State, any felony conduct that created a threat of great bodily harm falls within the forcible felony definition in section 110-6.1(a)(1.5). In support of its position, the State cited *People v. Rodriguez*, 2023 IL App (3d) 230450, where the court found the charge of resisting or obstructing a police officer causing injury fell within the Act's forcible felony definition, where the defendant fled from a traffic stop in which an officer was partially trapped in the vehicle as the defendant fled. The State averred the Third District reasoned those facts involved the threat of great bodily harm in that defendant contemplated the use of force and was willing to use it.

¶ 6    The court asked what facts in this case would suggest that defendant threatened or inflicted great bodily harm or permanent disability or disfigurement. The State argued that, after discovering the vehicle was stolen, officers attempted a traffic stop and the vehicle was speeding in excess of 21 miles per hour over the posted speed limit. The officers deployed spike strips, which successfully struck one of the tires. The vehicle continued to flee despite the officers having activated their lights and sirens. The vehicle also crossed over a raised median and went head-on with oncoming traffic. The vehicle stopped after it struck a Honda Civic head-on. The State argued that driving through spike strips, then driving into oncoming traffic at excessive speeds and striking a vehicle head-on, involved a threat or infliction of great bodily harm or permanent disability or disfigurement.

¶ 7    The court asked if the individual driving the Honda Civic sustained any injury. The State averred the individual declined medical treatment, but it did not believe that negated the risk the driving head-on in traffic posed to the community.

¶ 8    Defense counsel argued—*inter alia*—that she had never seen aggravated fleeing listed as a forcible felony and did not believe the State could provide any case law or statute that listed or defined aggravated fleeing as a forcible felony. Counsel noted that the defendant in *Rodriguez* was not charged with aggravated fleeing and rather regarded a person resisting or obstructing a peace officer causing injury. Counsel contended the defendant in *Rodriguez* knew the officer was holding on as he continued to flee and that was why he was charged with resisting causing an injury, which is distinguishable from the instant case. Counsel clarified that she was not contending defendant's offense as charged was not serious but argued there was no evidence to support the idea that defendant contemplated his actions would harm anyone and no one was, in fact, harmed.

¶ 9    The court asked if the State had a response to counsel distinguishing *Rodriguez.* It also specifically asked, "While [defendant's actions] might be reckless endangerment or some other level of—you know, gross negligence or something along those lines, what evidence do you have that would show the Court that he contemplated injuring a specific individual or someone in the community?" The State replied that fleeing from officers at a high rate of speed and going into oncoming traffic creates a threat of or infliction of great bodily harm or permanent disability or disfigurement. It reiterated that "based on the acts of this defendant created that threat as far as the risk *** of infliction of great bodily harm or permanent disability." After the court asked if the conduct in *Rodriguez* involved actual contemplation of the use of force, the State argued the act of fleeing shows a contemplation to create a probability of threat of great bodily harm and that defendant had an opportunity to stop this incident.

4

¶ 10   Based on the State's proffer, the parties' arguments, and the language of section 110-6.1(a)(1.5), the court found the State failed to prove by clear and convincing evidence that the proof was evident or presumption great that defendant committed a qualifying offense. The court reasoned that, while the forcible felony definition statute included "any other felony which involves the use or threat of physical force or violence against any individual" (720 ILCS 5/2-8 (West 2022)) and section 110-6.1(a)(1.5) included "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement" (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), it interpreted the language in the Code to place a higher burden and to be more narrow in that an injury that was not permanent or disfiguring or great in nature was not enough. Because the court found that the State failed to prove by clear and convincing evidence that defendant committed a qualifying offense, it did not believe it had the authority to move on and make further findings regarding whether defendant posed a real and present threat to any person(s) or the community or willful flight.

¶ 11   The court issued a release order, finding that the State failed to prove, by clear and convincing evidence, that the proof was evident or the presumption great that defendant committed an offense listed in section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). The order found that the State's reliance on *Rodriguez*, 2023 IL App (3d) 230450, was unfounded, as *Rodriguez* was distinguishable because, in that case, an officer had part of his body inside the vehicle when the defendant moved the vehicle, resulting in the officer's arm being slammed in the door. The order noted that the *Rodiguez* court reasoned the defendant contemplated the use of force and was willing to use it. Conversely, in this case, the State failed to establish by clear and convincing evidence that defendant contemplated the use of force and was willing to use it or that his conduct resulted in the infliction of great bodily harm or permanent disability or disfigurement.

5

The order further stated, "While his conduct may potentially threaten or could have resulted in great bodily harm, or permanent disfigurement, no evidence was presented that anyone was injured or that defendant contemplated the threat of the same." The order found, based on the plain language of section 110-6.1(a)(1.5), the State failed to meet its burden that the proof was evident or the presumption great that defendant committed a forcible felony. Accordingly, under the Code, the court did not have the authority to determine whether defendant posed a real and present threat to the community, whether defendant had a likelihood of willful flight to avoid prosecution, or whether any conditions would mitigate the real and present threat or defendant's willful flight.

¶ 12    On February 12, 2024, the State filed a timely notice of appeal and subsequently filed a supporting memorandum. Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023). The Office of the State Appellate Defender was appointed to represent defendant on appeal and filed a Rule 604(h) memorandum in response to the State's arguments.[1]

¶ 13                                   II. ANALYSIS

¶ 14    Pretrial release is governed by the Act as codified in article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). A defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1. After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight

---

[1]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before May 2, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

from prosecution. *Id.* § 110-6.1(e). The sole issue on appeal is whether the charged offense was a qualifying offense as defined in section 110-6.1(a)(1.5).

¶ 15    The State contends that the trial court applied the wrong definition of "forcible felony" under the Act and that no evidence of defendant's contemplation of the use of force should be required under the language of section 110-6.1(a)(1.5). Resolution of the State's contentions require us to interpret section110-6.1(a)(1.5) of the Code.

¶ 16    Statutory interpretation presents a question of law that is subject to *de novo* review. *People v. Smith*, 2016 IL 119659, ¶ 15. The primary object of statutory construction is to ascertain and give effect to the true intent of the legislature, and all other rules are subordinate to this principle. *People v. Jamison*, 229 Ill. 2d 184, 188 (2008). "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶ 20. "A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Id.* "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.*

¶ 17    Section 110-6.1(a)(1.5) defines forcible felony for purposes of detainable offenses under the Code. 725 ILCS 5/110-6.1(a)(1.5) (West 2022). It specifically lists numerous felonies that are considered forcible felonies under the Act and also contains a residual clause that includes any felony "which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.*

¶ 18    The State argues that, while the trial court noted the difference between the residual clause in section 2-8 of the Criminal Code of 2012 (720 ILCS 5/2-8 (West 2022)) (forcible felony definition statute) and section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West

7

2022)) (section defining forcible felony for purpose of the Act) related to the required level of injury, the court failed to acknowledge that, unlike the residual clause in section 2-8, the Act's forcible felony residual clause does not require the threat be particularized to a person or any individual. As such, the plain language of section 110-6.1(a)(1.5) does not require a defendant to specifically contemplate injury to a particular person or make a threat targeting a particular person. Rather, section 110-6.1(a)(1.5) includes any felony that involves the threat of great bodily harm or permanent disability or disfigurement, in its general sense, to the community at large. It contends, if the legislature intended to limit the definition of a forcible felony to threats particularized to an individual, it would have stated such or drafted the section to state: "any other felony which involves *a* threat of or infliction of great bodily harm or permanent disability." As such, the court erred in requiring the State to prove defendant's intent to injure. We agree.

¶ 19    The language of the residual clause in section 110-6.1(a)(1.5) plainly includes any other felony, than those listed, "which involves the threat *** of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). The legislature did not include an intent element, a limitation that the threat be against a specific individual, or that defendant contemplated the threat of great bodily harm. We therefore cannot read those conditions into the statute. *People v. Gorss*, 2022 IL 126464, ¶ 10 ("[W]here the language used is plain and unambiguous, we may not 'depart from its terms' or read into the rule exceptions, limitations, or conditions that conflict with the drafters' intent." (quoting *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009))).

¶ 20    Defendant argues that a similar argument was recently rejected in *People v. Minssen*, 2024 IL App (4th) 231198, which held that the legislature intended the residual clause in section 110-6.1(a)(1.5) to encompass fewer offenses than the residual clause in section 2-8 and that the

possibility to cause great bodily harm, permanent disability, or disfigurement was insufficient. Defendant, however, misconstrues *Minssen*.

¶ 21    In *Minssen*, the appellate court disagreed with the trial court's finding that the defendant was charged with a forcible felony under section 110-6.1(a)(1.5) by attempting to bite an officer. *Id.* ¶¶ 9, 24. *Minssen* found the State failed to show there was a realistic threat that defendant could inflict great bodily harm on, permanently disable, or disfigure the officer, where the record failed to contain information about the circumstances of the attempted bite. The court explained that section 110-6.1(a)(1.5) encompassed fewer offenses than the residual forcible felony clause in section 2-8 of the Criminal Code of 2012, where the latter required "the use or threat of physical force or violence against any individual" and the Code required "threat of or infliction of great bodily harm or permanent disability or disfigurement." (Internal quotation marks omitted.) *Id.* ¶ 21. *Minssen* reasoned that, while it was possible biting someone could cause great bodily harm, permanent disability, or disfigurement, not all bites would result as such. *Id.* ¶ 22.

¶ 22    Despite defendant's contentions, *Minssen* found section 110-6.1(a)(1.5) encompassed fewer offenses than the general forcible felony definition based on the severity of the harm at issue. *Id.* ¶ 21. It did not assert that the possibility to cause great bodily harm, permanent disability, or disfigurement based on the defendant's actions—alone—would be insufficient to constitute a forcible felony under section 110-6.1(a)(1.5). Rather, it found that the State in that case failed to prove the attempted biting raised the possibility of great bodily harm, permanent disability, or disfigurement, where the State failed to proffer the circumstances surrounding the biting. See *id.* ¶ 22. Because *Minssen* did not consider whether intent or contemplation of the threat was necessary under section 110-6.1(a)(1.5), it is not informative.

9

¶ 23    We acknowledge the trial court here relied on *Rodriguez*'s reasoning that the defendant in that case "contemplated the use of the force and was willing to use it" (*Rodriguez*, 2023 IL App (3d) 230450, ¶ 10) to distinguish *Rodriguez* from the instant case. However, *Rodriguez* did not make this statement after analyzing whether contemplation of the use of force was a necessary requirement under section 110-6.1(a)(1.5). *Id.* Nor was it necessary for *Rodriguez* to determine such issue where the defendant in that case clearly contemplated and used force capable of great bodily harm by driving away while part of an officer's body was in the vehicle. Moreover, *Rodriguez* cited *People v. McGhee*, 2020 IL App (3d) 180349, ¶ 62, to support that statement. *McGhee*, however, discussed the residual forcible felony clause in section 2-8. *Id.* ¶¶ 58-63. Because the language in section 110-6.1 differs from that in section 2-8, case law interpreting the latter is not controlling here. See *People v. Brannon*, 2024 IL App (2d) 240059-U, ¶ 21 n.3.

¶ 24    Defendant also asserts that, under the State's interpretation, aggravated fleeing would automatically become a detainable offense because "[t]he threat of great bodily harm to the public [would] be established by the very nature of the offense, regardless of whether the defendant specifically contemplated a use of force in creating that threat." Defendant argues such interpretation would lead to absurd results that were not intended by the legislature because the State could simply allege any felony offense may have the potential to involve the threat of or infliction of great bodily harm or permanent disability or disfigurement, through hypothetical examples of what could have happened, instead of what actually happened in a case. We disagree.

¶ 25    Our interpretation would not require every felony or charge of aggravated fleeing to be considered a forcible felony. Rather, under our interpretation, a forcible felony occurs only when the circumstances of a particular case show that defendant's actions actually threatened or inflicted great bodily harm, permanent disability, or disfigurement.

10

¶ 26    The recent decision in *People v. Salazar*, 2024 IL App (3d) 240066-U, supports our position. In *Salazar*, the appellate court affirmed the trial court's finding that the defendant's aggravated fleeing and eluding charge constituted a forcible felony under section 110-6.1(a)(1.5). *Id.* ¶ 16. It reasoned that fleeing officers "at a very high rate of speed, disobeying three traffic control devices, on one occasion weaving around cars stopped at an intersection" involved a threat of great bodily harm to other persons on the roadway. *Id.* In determining that the charged felony constituted a forcible felony under the residual clause in section 110-6.1(a)(1.5), *Salazar* did not rely on evidence of defendant's subjective intent but rather focused on the nature and recklessness of defendant's actions. See *id.*

¶ 27    Accordingly, we find the residual forcible felony clause in section 110-6.1(a)(1.5) does not require the State to prove defendant contemplated and was willing to use force sufficient to cause great bodily harm, permanent disability, or disfigurement. As such, we find the court misinterpreted the requirements of section 110-6.1(a)(1.5). Given the court's misunderstanding of the law, we reverse the court's order granting pretrial release and remand for the court to hold a new hearing on the State's amended verified petition to deny pretrial release in accordance with this disposition.

¶ 28                                   III. CONCLUSION

¶ 29    The trial court erred in finding the residual forcible felony clause in section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)) required the State to prove defendant contemplated and was willing to use force necessary to cause great bodily harm, permanent disability, or disfigurement. Accordingly, we reverse the court's order granting pretrial release and remand for the court to hold a new hearing on the State's amended verified petition to deny pretrial release in accordance with this disposition.

¶ 30    Reversed and remanded.

*People v. Delaney*, **2024 IL App (5th) 240231**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Madison County, No. 24-CF-111; the Hon. Emily J. Nielsen, Judge, presiding. |
| **Attorneys for Appellant:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Carolyn R. Klarquist, and Christopher M. O'Connor, of State Appellate Defender's Office, of Chicago, for the appellee. |